UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OWEN RANDOLPH FLIPPINGS,

    Plaintiff,

v.

U.S. HOME MORTGAGE,

    Defendant.

Civil Action No. TDC-15-4021

**MEMORANDUM ORDER**

Self-represented Plaintiff Owen Randolph Flippings brought this suit against Defendant U.S. Bank National Association ("U.S. Bank") on December 31, 2015, alleging that U.S. Bank discriminated against him when it refused to modify his mortgage loan. On August 23, 2016, the Court granted U.S. Bank's Motion to Dismiss but granted Flippings the opportunity to amend his pleadings to identify what specific statutory cause of action he is asserting and to set forth specific facts which, if true, would support a plausible claim of race or age discrimination. *See* Mem. Order at 6, ECF No. 12. On December 7, 2016, Flippings filed the pending "Motion to Amend Complaint and Inform the Court of Obstruction of Access to the Court by the Case Manager and Her Supervisor," (the "Motion to Amend"), ECF No. 18. For the reasons that follow, the Motion to Amend is DENIED.

The proposed Amended Complaint states that Flippings is an "Afro-American, 52 year old male" and a United States citizen. Am. Compl. at 3, ECF No. 18-1. In March 2014, U.S. Bank approved Flippings and Flippings' mother, Barbara Jeanne Flippings, for a loan modification. Between March 2014 and June 2014, U.S. Bank instructed Flippings to fax

documents to U.S. Bank each month, and these submissions caused his credit score to decline by at least five points per submission. Barbara Jeanne Flippings passed away in June 2014, and in July 2014 Flippings was denied refinancing on his own. Flippings requested mediation, but his request was ignored. According to Flippings, non-African American persons whose mortgages were held by U.S. Bank were approved for refinancing despite having the same or a lower credit score as Flippings. Flippings further alleges that U.S. Bank afforded persons younger than 52 years old the opportunity to refinance. Flippings claims that U.S. Bank's decision to deny him a loan modification constituted age- and race-based discrimination in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f (2012), the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619 (2012), and 42 U.S.C. § 1981.

U.S. Bank offers two reasons why the Motion to Amend should be denied. First, U.S. Bank argues that the Motion should be denied because it does not comply with Local Rule 103.6, which requires the submission of both "a clean copy of the amended pleading" and "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." This argument is unavailing. Although the Motion to Amend does not, as a technical matter, comply with Local Rule 103.6, the Motion makes clear that Flippings was not familiar with the rule and that he sought clarification from the Office of the Clerk of the Court. By including both the text of the original Complaint and the new allegations in the proposed Amended Complaint, Flippings has complied with the spirit, if not the text, of the Local Rule, and has satisfied its purpose.

U.S. Bank also argues that granting the Motion would be futile because Flippings still has not alleged sufficient facts to support his claims of discrimination. Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint should be "freely given when

justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). Here, there is no significant prejudice to U.S. Bank because the case has not yet proceeded to the filing of a responsive pleading. Nor is there evidence of bad faith. The key question is therefore whether amendment would be futile. Upon review of the proposed Amended Complaint, the Court finds that it would be.

To determine whether the proposed Amended Complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim. *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

The ECOA bars creditors from discriminating "against any applicant, with respect to any aspect of a credit transaction" because of the applicant's "race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). The FHA makes it "unlawful for any

3

person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). Plaintiffs alleging claims under the FHA may allege that they suffered discrimination through either discriminatory intent or disparate impact on a protected class. *See Betsey v. Turtle Creek Associates*, 736 F.2d 983, 986 (4th Cir. 1984). Section 1981 prohibits race discrimination in the making and enforcement of contracts. *See* 42 U.S.C. § 1981.

In order to state a claim for lending discrimination under the ECOA or for lending discrimination based on discriminatory intent under the FHA, Flippings must demonstrate that (1) he was a member of a protected class, (2) he applied for and was qualified for a loan modification, (2) the loan modification was rejected despite his qualifications, and (4) U.S. Bank continued to approve loan modifications for applicants with similar qualifications. *See Rowe v. Union Planters Bank of Se. Mo.*, 289 F.3d 533, 535 (8th Cir. 2008) (ECOA and FHA); *Wise v. Vilsack*, 496 F. App'x 283, 285 (4th Cir. 2012) (unpublished) (ECOA). In a fair lending case, where information on whether applicants who are not members of protected classes are treated more favorably is "information particularly within [the lender's] knowledge and control," a complaint may allege the fourth element, discriminatory treatment of applicants with similar qualifications, based on information and belief. *See Boykin v. Keycorp*, 521 F.3d 202, 215 (2d Cir. 2008); *Boardley v. Household Fin. Corp. III*, 39 F. Supp. 3d 689, 711 (D. Md. 2014) (adopting the reasoning that requiring evidence of similarly situated individuals in the lending context would be difficult and overly burdensome); *see also Wise*, 496 F. App'x at 286 (declining to decide what information must be pleaded to meet the fourth element).

A claim for discrimination pursuant to 42 U.S.C. § 1981 similarly requires a showing that: (1) the plaintiff is a member of a protected class based on race; (2) the plaintiff applied for and was qualified for credit available from the defendant; (3) the application was denied or its approval was made subject to unreasonable or overly burdensome conditions; and (4) there was a causal nexus between the harm suffered and the plaintiff's membership in a protected class from which a reasonable juror could infer discriminatory intent. *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 275 (3d Cir. 2010); *Best Medical Int'l, Inc. v. Wells Fargo Bank, N.A.*, 937 F. Supp. 2d 685, 697 (E.D. Va. 2013).

Although the proposed Amended Complaint supplies more facts than the original Complaint, it still fails to allege enough facts to support a claim under the ECOA, the FHA, or § 1981 that U.S. Bank discriminated against Flippings based on his age or race. The proposed Amended Complaint states that Flippings, as an African American individual, is a member of a protected class, and that he is 52 years old. It fails, however, to allege that Flippings was independently qualified for a loan modification, without consideration of Barbara Jeanne Flippings' financial resources. Such allegations could include facts such as the stated requirements for approval of a loan modification and Flippings' actual qualifications that satisfied those requirements. *See Glenn v. Wells Fargo Bank, N.A.*, No. DKC-15-3058, 2016 WL 3570274, at *5 (D. Md. July 1, 2016). The only supporting facts set forth in any detail, that Flippings was originally approved for a loan modification when he applied jointly with Barbara Jeanne Flippings in March 2014, then was rejected after she passed away, does not support this inference. The proposed Amended Complaint therefore remains deficient as to all claims. *See Boardley*, 39 F. Supp. 3d at 710-11 (finding a § 1981 and ECOA complaint deficient because it

failed to allege facts supporting the inference that the plaintiffs were qualified for the line of credit sought).

The proposed Amended Complaint further asserts, without specific factual allegations, that younger, non-African American consumers were approved for financing with credit scores that were equal to or lower than that of Flippings. Although Flippings will need to demonstrate evidence of this disparate treatment at a later stage of the proceedings in order to prevail on his ECOA and FHA claims, the absence of specific facts supporting this allegation is not fatal at the pleading stage. *See Boykin*, 521 F.3d at 215 (permitting this element to be alleged upon information and belief because evidence on disparate treatment is "information particularly within [the lender's] knowledge and control"); *Boardley*, 39 F. Supp. 3d at 711. However, to the extent that Flippings possesses knowledge of facts supporting his claims of disparate treatment, those facts should be included in an amended complaint.

As for the § 1981 claim, a complaint must also allege the presence of a "causal nexus" between the denial of the application for a loan modification and Flippings' race. *See Anderson*, 621 F.3d at 275. These facts may also be uniquely in the possession of the Defendant. However, to the extent Flippings has knowledge of any facts supporting the allegation of a nexus between the denial of his application and his race, he should include them in any amended complaint. In its current form, Flippings' allegation that he and his mother were jointly approved for a loan modification is insufficient for this purpose because it appears to support the conclusion that the denial of his application was based on the lack of financial contribution from his mother, rather than discrimination.

Although Flippings has failed to provide sufficient allegations to state claims of discrimination, the Court is mindful that Flippings is proceeding *pro se*, and that the prejudice to

U.S. Bank at this pre-discovery stage is minimal.  Thus, the Court finds that it would be in the interests of justice to allow Flippings one more opportunity to file a Motion for Leave to Amend his Complaint to address the identified deficiencies.

Accordingly, it is hereby ORDERED that the Motion to Amend, ECF No. 18, is DENIED.  Flippings may file a motion for leave to amend the complaint within **21 days** of the date of this Order.  The motion should conform to Local Rule 103.6, the text of which is available on this Court's website at http://www.mdd.uscourts.gov/local-rules.  Failure to file a timely motion for leave to amend will result in dismissal of this case.

Date: February 23, 2017

THEODORE D. CHUANG
United States District Judge